IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL L. DIETLE,

    Petitioner,                     No. CIV S-06-2276 FCD GGH P

    vs.

JAMES A. YATES, et al.,

    Respondent.                  <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction for manufacturing methamphetamine, possession of ephedrine and pseudoephedrine with intent to manufacture methamphetamine, possession of methamphetamine, possession of a short barreled shotgun, being an ex-felon in possession of a firearm, possession of ammunition, receiving stolen property, possession of methamphetamine for sale and transportation of methamphetamine. Petitioner was sentenced to 27 year and 4 months in state prison.

        Pending before the court is respondent's February 5, 2007, motion to dismiss for failure to exhaust state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to

1 be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A
2 waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion
3 requirement by providing the highest state court with a full and fair opportunity to consider all
4 claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S.
5 Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S.
6 1021 (1986).

7   The original petition filed October 16, 2006, raises four claims.  Claims one and
8 two allege Fourth Amendment violations.  Claim three alleges that the prosecutor failed to prove
9 that petitioner's prior conviction, used to enhance his sentence, was a serious and violent felony
10 with use of a deadly weapon and/or involved infliction of great bodily injury.  Claim four alleges,

> In this the court supported for the record the aggravated five year term finding that the factors in aggravation outweigh mitigation factors, but did not find there was no evidence that petitioner did not use and [sic] violence in this case, which new case laws have declared the record of conviction is limited to terms of the charging documents and transcript.

14 Petition, p. 7.

15   The petition for review filed in the California Supreme Court raised three claims.
16 Respondent's lodged document no. 2. The petition for review raised the Fourth Amendment
17 claims raised in this action.  Id.  The petition for review also raised an ineffective assistance of
18 counsel claim and a claim alleging that imposition of the aggravated sentence violated Apprendi
19 v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) and Blakely v. Washington, 542 U.S. 296,
20 124 S. Ct. 2531 (2004). Id.

21   Petitioner did not file a habeas corpus petition in the California Supreme Court.
22   Respondent argues that claims 3 and 4 are unexhausted because they were not
23 raised in the petition for review.
24 /////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

On March 12, 2007, petitioner filed a motion to amend his petition. Petitioner states that grounds 3 and 4 of the petition raise his <u>Apprendi/Blakely</u> claim. Petitioner argues that all of his claims are exhausted.

Because it appears that petitioner intends to raise exhausted claims, respondent's motion to dismiss is vacated. Petitioner is directed to file an amended petition raising his exhausted claims only and identifying how each claim is exhausted.

On February 5, 2007, petitioner filed a motion to amend his petition. This motion contains further briefing in support of the <u>Apprendi/Blakely</u> claim, including a citation to <u>Cunningham v. California</u>, 127 S. Ct. 856 (Jan. 22, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's February 5, 2007, motion to dismiss is vacated;

2. Petitioner's February 5, 2007, motion to amend is construed as further briefing;

3. Petitioner's March 12, 2007, motion to file an amended petition is granted; petitioner is granted twenty days from the date of this order to file an amended petition containing exhausted claims only; respondent's response to the amended petition is due thirty days thereafter; petitioner's reply to the response is due thirty days thereafter.

DATED: 5/31/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

diet2276.mtd